IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **BENITO JEROME BOWIE,** ) | |
| a/k/a **Benito D. Bowie,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| v. ) | Case No. CIV-12-794-R |
| ) | |
| **ERIC FRANKLIN, Warden,** ) | |
| ) | |
| **Respondent.** ) | |

**O R D E R**

Before the Court is the Report and Recommendation of United States Magistrate Judge Gary M. Purcell entered July 19, 2012 [Doc. No. 6]. Also before the Court is Petitioner's Objection to the Report and Recommendation. Doc. No. 7. Pursuant to 28 U.S.C. § 636(b)(1)(B), the Court reviews the Report and Recommendation *de novo* in light of Petitioner's Objection.

Petitioner first objects to the Magistrate Judge's conclusion that Petitioner has failed to exhaust his state law remedies. Upon the Court's review, the Court agrees with the Magistrate Judge that Plaintiff has failed to demonstrate that he has done so because he has not exhausted his remedies with the Oklahoma Department of Corrections and he has not filed an application for a writ of habeas corpus or mandamus in state court, as the District Court of Oklahoma County advised Petitioner he could do to challenge the execution of his sentences. *See* Order Denying Application for Post-Conviction Relief (Exhibit "1" to Petition) at p. 4, citing *Mahler v. State*, 783 P.2d 973 (Okla. Crim. App. 1989).

The remainder of Petitioner's Objection is addressed to the merits of his claim and is difficult to follow. What is clear from the Report and Recommendation and from Petitioner's Objection thereto is that Petitioner was found guilty of murder in Case No. CRF-86-2004 and sentenced to life

imprisonment in February of 1987. In April of 1988 Petitioner was convicted of another murder in Case No. CRF-87-6621 and sentenced to death in May of 1988. Following an appeal in which the latter sentence was reversed and after a resentencing trial, Petitioner was resentenced to life imprisonment and his sentence was ordered to be served consecutively to the life sentence in Case No. CRF-86-2004. Petitioner states that he began serving his second life sentence on August 30, 1988. *See* Objection at p. 6. Petitioner was apparently paroled on his sentence in CRF-86-2004 effective on January 1, 2011. Petitioner wants credit for the time served on the death sentence in Case No. CRF-87-6621 before he was resentenced to life and the sentence was ordered to run consecutive to the sentence in CRF-86-2004. The Court agrees with the Magistrate Judge that Petitioner's claim that he has been denied due process because he has been serving two life sentences in installments is without merit. Petitioner's life sentence in Case No. CRF-87-6221 began to run when Petitioner was paroled on the prior sentence.

In accordance with the foregoing, the Report and Recommendation of the Magistrate Judge [Doc. No. 6] is ADOPTED and the petition herein for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is DENIED.

IT IS SO ORDERED this 14th day of August, 2012.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE